# EXHIBIT A



**CT Corporation**
**Service of Process Notification**
09/07/2022
CT Log Number 542271753

## Service of Process Transmittal Summary

| | |
|---|---|
| **TO:** | Donna Dorbuck<br>Raytheon Technologies Corporation<br>10 FARM SPRINGS RD<br>FARMINGTON, CT 06032-2577 |
| **RE:** | **Process Served in Virginia** |
| **FOR:** | Raytheon Technologies Corporation  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: Cenetra Johnson // To: Raytheon Technologies Corporation |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Attachment(s) |
| **COURT/AGENCY:** | Arlington Circuit Court, VA<br>Case # 013CL2200301400 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination |
| **PROCESS SERVED ON:** | C T Corporation System, Glen Allen, VA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 09/07/2022 at 04:44 |
| **JURISDICTION SERVED:** | Virginia |
| **APPEARANCE OR ANSWER DUE:** | Within 21 days after service |
| **ATTORNEY(S)/SENDER(S):** | Cenetra Johnson<br>7200 Blanchard Dr<br>Rockville, MD 20855 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/08/2022, Expected Purge Date: 10/08/2022<br><br>Image SOP<br><br>Email Notification,  Donna Dorbuck  donna.dorbuck@rtx.com<br><br>Email Notification,  Cathy Bentley  cathy.bentley@rtx.com |
| **REGISTERED AGENT CONTACT:** | CT Corporation System<br>4701 Cox Road<br>Suite 285<br>Glen Allen, VA 23060<br>800-448-5350<br>MajorAccountTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the



**CT Corporation**
**Service of Process Notification**
09/07/2022
CT Log Number 542271753

included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:** Wed, Sep 7, 2022
**Server Name:** Drop Service

| Entity Served | RAYTHEON TECHNOLOGIES CORPORATION |
|---|---|
| Case Number | 013CL2200301400 |
| Jurisdiction | VA |

| Inserts | | |
|---|---|---|
| | | |



# COMMONWEALTH OF VIRGINIA



ARLINGTON CIRCUIT COURT
Civil Division
1425 NORTH COURTHOUSE RD
ARLINGTON VA
(703) 228-7010

Summons

To: RAYTHEON TECHNOLOGIES CORPORATION
ATTN: RAYTHEON OFFICERS
DEFENDANT
ARLINGTON VA 22209

Case No. 013CL22003014-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Tuesday, August 30, 2022

Clerk of Court: PAUL F. FERGUSON

by _____
(CLERK/DEPUTY CLERK)

Instructions:

Hearing Official:

Attorney's name:

FILED by Arlington County Circuit Court
08/09/2022

## CIRCUIT COURT OF ARLINGTON COUNTY
1425 N. Courthouse Rd., Suite 6700
Arlington, VA 22201

Cenetra Johnson,  )
Plaintiff  )
7200 Blanchard Dr.  )
Rockville, MD 20855  )
Plaintiff  )
 )
Vs  ) August 6, 2022
 )
 ) CL22003014-00
Raytheon Technologies Corporation,  ) EMP
Defendant  ) EMP
1100 Wilson Blvd.  )
Arlington, VA 22209,  )
Defendant  )

### COMPLAINT FOR A CIVIL CASE

I, Cenetra Johnson, hereby confirm that the following are true, based on the evidence provided to the EEOC and to Raytheon's Human Resources and Employment Relations Team. The EEOC has issued me a Notice of Right To Sue. I have established a Prima Facie case concluding that Raytheon, including several of its employees, violated Title VII of the Civil Rights Act of 1964 and 42 U.S.C § 1981 which is Section 1 of the Civil Rights Act of 1866, by discriminating against me based on my race, sex, and gender.

1. On January 7, 2022, Raytheon confirmed by its own admission in its position statement to the EEOC that, through "discovery" the incidents I reported concerning DISCRIMINATION and RETALIATION based on my sex and race, did "occurr". However, Raytheon then offerred pretextual reasons for their discriminatory behavior simply to prevent me from establishing a PRIMA FACIE case for discrmination.

2. As a black, African American woman and the only black/African American female on my team, with a PhD in Engineering, 20 years of experience, military experience, technical certifications, and nearly 60 emails/messages (just prior to my discrimination report) from colleagues applauding my work, Raytheon still attacked my

skills, using it as a pretextual reason for excluding me in its position statement to the EEOC. Raytheon chose not to criticize the non-black members on my team and particularly praised the white males though they showed faults in their work.

3. In fact, after reporting a detailed account of events, Raytheon Human Resources repeatedly asked me if I was sure it was racial and sexual discrimination in an attempt to make me second guess myself and tried to convince me to change my mind about the investigation, making their handling of the case malicious and intentionally negligent.

4. On July 27, 2022, the EEOC changed investigators. The new investigator stated that he needed time to read over my evidence which he stated was the one with a 100 or so files. On July 28, 2022, the EEOC closed my case without reading my evidence. The EEOC took the word of my employer and the Raytheon investigators informed me beforehand that the EEOC will in fact do this, stating that they would just read what Raytheon wrote and close the case. On July 29, 2022, following the closing of the case, I asked the EEOC for an appeal.

5. At this time, August 5, 2022, Raytheon continues to ostracize and isolate me in a phantom/no-contact, non-titled, uncleared holding position for the purpose preventing me from career progression AND for the purpose of covering up RETALIATION. I was told to take this arbitrary position or be terminated. I never agreed to it but was told that it was a direct order.

6. The DISCRIMINATION and RETALIATION I reported to Raytheon (which Raytheon confirmed) is that Chau Ngoc Duong, an Asian woman, in July 2021 said that black women should stop making claims of racism and further stated that I should stop seeing everything as race. Heather Renner (my former Section Manager), a white/caucasian woman, at a holiday party in December 2019, blew off another black woman (a Section Lead) who had braids in her hair, as well as myself, after we said hello, while she (Heather) mingled with other white/caucasians at the event.

7. Another time, Chau came after me in January 2021 questioning me pertaining to a discrimination claim between Heather Renner and I. After she asked me my career goals, not only did she tell me that I, a black/African American woman do not get careers like the ones I desire, she followed it up with stating that she only got her position because Srikanth Vaidyanathan (our department manager), an Asian man, recommended her for

the position even though she didn't understand or qualify for the position. Having a higher education level and more experience than Chau, the company was still not willing to move me up one-level which would have still been under Chau.

8. At another time, I was told by another colleague that Chau did in fact gossip to him about me, but because I knew him before I knew Chau, he dismissed whatever she said about me. Chau's purpose was to discredit me, defame me, and undermine my work and accomplishments because in her eyes, black/African American women should not be in a position of techical/engineering leadership.

9. From May 2021 to October 2021, I reported to Raytheon (which Raytheon confirmed) that I had been excluded from several important network engineering meetings pertinent to my job duties and functions while my white male counterparts (some of whom were at lower skill levels and whose job was not pertinent to the tasking) were allowed to attend. Raytheon's pretextual reason for covering this up was that I didn't have the skills needed for the position. At that time, I was the only person with a network engineering certification and years of experience. The real reason behind them not wanting me to attend the meetings is because they did not want a black/African American woman leading the technology endeavors on their team and further to discourage me from believing that I had any value at all.

10. I reported to Raytheon, (which Raytheon confirmed and wrote in email), that after interviewing, I was offered a P4/Principal Systems Engineering position close to my home. I wanted to accept the position but Raytheon continuously denied me. This denial set me back at $20,000/yr because the offer for the position was for $150,000/yr. Raytheon offered a pretextual reason for denial stating that the job was located in a different state as my home but in fact there is clear evidence in email from Raytheon showing that the position was in the same state as my home and the same commuting distance as the job I had at that time. They then promoted Bryan Leary, a white male, who had less experience when they could have also promoted me using the ad-hoc promotion option within Raytheon. There was room for two of us.

11. Further, I reported to Raytheon, of which 8 people witnessed, and Raytheon confirmed that while at work, a white male colleague, Steve Stramaglia, yelled at and scolded me in front of other team members for providing input to process improvement -

something I was asked to do as a part of my job. I was extremely uncomfortable, shook, scared, and I felt threatened and defenseless and nearly frozen in my seat as I watched employees stare at me, the only black/African American in the room. They witnessed the verbal abuse and then blamed me for it. When I asked Steve to take the conversation offline in an effort to calm him down, he continued anyway but Raytheon still faulted me for this. It was embarrassing, devaluing, and DEFAMING, as it showed the other team members that my input, as a black/African American woman, was not valued.

12. While Raytheon did allow me to work from home after feeling threatened and being scolded, my accounts on our system were locked intentionally. I reported this to Kimberly Avant in HR who said she would investigate it but never did it. I was told not to contact Upper Management about discirmination because it got HR in trouble. I was told that they would eventually bring me back into the office - sitting me in the same seat next to the guy that attacked me.

13. To show that I met my employers legitimate expectations at the time I was DISCRIMINATED and RETALIATED against, I reported to Raytheon, detailed day-by-day accounts of my work. When my employer intentionally lied to the EEOC anyway, pertaining to my work, I provided the EEOC with 60-70 documents of accolades received from team members (dated prior to me reporting discrimination). These documents also included communications pertaining to team work and proven substantial and legitimate contributions to my position whereas I exceeded the target expectations of my position. According to Raytheon, several members changed their mind about me only after I reported discrimination, which in itself is RETALIATION.

14. Even though I was excluded, I exceeded the expectations for the position because I filled in the gaps on my own, as the written emails show this, but Raytheon continued with the false narrative that I was struggling, using it as a pretextual reason for why they DISCRIMINATED against me. Raytheon, and more specifically, several members of the ADOC/AAOC team simply did not want a black/African American woman leading their technology efforts.

15. After reporting racial discrimination, the team members RETALIATED or Raytheon convinced or forced them to retaliate and change their mind about the work that

they had already credited me on. Raytheon used this as a pretextual reason to reduce merit in my case so Raytheon did in fact act in negligence with malicious intent.

16. RETALIATION followed me to my next position - mostly starting in January 2021. It was as if they sent several members after me. Kimberlee (HR) informed to get a charge number from my manager to close out the previous investigation and the new HR staff was informed of my report of DISCRIMINATION.

17. My Team Lead, Brimah Fallah, would inform me of meetings, not invite me, but then tell my manager that I did not show up, even though he had the opportunity to message me and link me to a meeting as he can see that my light was green online. Though it was a clear attempt to sabotage me using false narratives, to fix this, I gave the entire team my number and encouraged everyone to send their numbers in an email thread. This never happened again.

18. Brima found another way to come after me. Being new to the team, and with a special critical task to complete, when I would talk to him and another team member to get a clear understanding of the vendors they worked with, the latest developments on a specific system they worked on, etc., they would tell me to do it on my own. However, when a male engineer or manager would ask them, they freely gave the information. I reported it to HR and I faced even more RETALIATION because I was removed from my critical tasking and then they gave it back.

19. In February 2022, I reported further discrimination. My manager offered to place me at a P5, Sr. Principal Systems Engineering role in November of 2022. My manager, Sheryl Tolbert-Johnson a black/African American woman, changed her mind about this only after she learned that I reported discrimination within Raytheon, and after she spoke to Human Resources. When I brought this to the attention of HR staff, though they saw the email proof, they continued to deny me the position. This is RETALIATION. This also set me back 20% on what would have been P4 salary of $150,000.00/yr salary increase which equals to $30,000.00.

20. Sheryl also removed me from a task, telling other members, specifically to "not include" me, and HR covered for her. I eventually received the task back and did very well on it per the accolades received from Sheryl's manager, Thomas Abdoo, an Associate Director of the team. I gave three technical briefings that several individuals

reported went very well and of which they concluded that I understood the technical/engineering aspects of what I reported.

21. Following the initial discrimination complaint, I reported further in Februrary 2022, that Ryan Carney (a white male as stated by HR) specifically yelled at me and scolded me in front of 2 other team members saying that I am not a real engineer, that I didn't belong on the team, and that I should bow down to him by showing him a superior level of respect. Ryan did this twice, in front of the same two team members on two separate occasions. Ryan did not talk to the other men like this. In fact, when I reported it to Employment Relations, my manager, and Human Resources, Cameron Mulder (HR) reported it back to me to make it appear as if what I reported was reported about me in an effort to place the blame on me.

22. I contacted Upper Management, to include the CEO, President, and VP. They have all confirmed receipt of my message after reaching out for a few weeks. One of the Presidents began to automatically forward my emails to another Associate Director whose email is no longer valid so there is no way to contact him. A VP acknowledged my email, but stated that she will not respond to the problem. Additionally, as the EEOC reported, and Raytheon confirmed, I was told to stop contacting Upper Management about the discrimination and retaliation against me, so at this time, no one is helping me rectify my current problem.

23. I have undergone extreme emotional distress, seen a doctor, due to the events which have taken place against me.

24. I asked Raytheon's HR (Cameron Mulder with managers CCed) for a few free days off to get through the tumultuous suffering and they DENIED me saying that they will not pay me to sit on my hands. I asked Robert Devore and he denied this as well. I asked to be temporarily removed from the hostile work environment until they sort things out and I was DENIED for FIVE MONTHS. When I moved to the new position, they collaborated and RETALIATED against me based on the fact that I had already filed a complaint at my previous position. My manager and HR knew of this and still I've been placed in this phantom position in an effort to purposely either stall my career or FORCE me to leave on my own.

25. Human Resources, Robert Devore, agreed that I should be in an Associate Director level position but they DENIED this too. I asked if I could work directly under Sheryl so that I didn't have to work with Ryan Carney. They DENIED this. Sheryl reported that Ryan was harshly criticizing my technical statements although another white male and I were saying the exact same thing. I, as the Black/African American female was being scrutinized harshly whereas the white/caucasian male was not being scrutinized at all.

26. On two separate occasions, Robert Devore from HR tried to convince me to leave Raytheon on my own, in an effort to get me to quit on my own to prevent Raytheon from being liable.

27. Raytheon eventually moved me into an arbitrary no contact placeholder position, and threatened to fire me if I did not take it then tried to convince me that I asked for it. I did not ask for it. I am scrounging for work, can't talk to a manager, HR will not help, Upper Management specifically stated to stop contacting them about the problem, was banned from participating in the mid-year performance review, no use of my clearance on the job, banned from talking to managers, so I am being ostracized and intentionally excluded with malicious intent, in an effort to make me leave on my own. It's a downgrade of quality and inclusion at the company and is meant to isolate me.

28. Raytheon has already admitted and CONFIRMED that the incidents I provided them did in fact occur and they indicated so in their January 7, 2022 statements to the EEOC and in their final statement to me on Friday, May 13, 2022 during a meeting. The only way to guarantee my job is to create a CONTRACTUAL AGREEMENT with pay and severance up to retirement with the company which will protect me from termination and further discrimination within the company.

29. As of August 6, 2022, I still face RETALIATION and ostracism while I am ignored by HR and remain in a phantom, no contact, arbitrary, uncleared position. I have established a PRIMA FACIE case concluding that Raytheon, including several of its employees, violated Title VII of the Civil Rights Act of 1964 and 42 U.S.C § 1981 which is Section 1 of the Civil Rights Act of 1866, by discriminating against me based on my race, sex, and gender.

WHEREFORE I, Cenetra Johnson asks for judgment as a form of relief in the following Contractual work agreement,

1. Back Pay: $60,000.00 lump sum in backpay.

2. Position and Salary: M6/P6 level Associate Director of Engineering starting September 1, 2022 at the salary rate of $220,000.00/yr (with at least a 0.3% salary increase each year) guaranteed for 7 years so until December 1, 2029 with Executive Level benefits package; a $50,000.00/yr mid-year bonus and a $50,000.00/year end bonus; assigned as career manager for at least 10 employees; mentorship for the Director level; 100% work from home/remote option with severance option.

3. Position and Salary Continued: Automatic Salary and promotion increase: to Director of Engineering starting December 1, 2029 to December 1, 2036, at $300,000/yr (with at least a 0.3% salary increase each year) for 7 years and a position at the Executive levels (duties to be discussed) guaranteed until December 31, 2047 with Executive level benefits package; a $50,000.00/yr mid-year bonus and a $50,000.00/year end bonus; 100% work from home/remote option with severance option.

4. Paid Time Off (PTO): 200hrs of PTO plus 80hrs of paid R&R each year

5. $10,000.00/yr voucher for symposiums, summits, seminars, conferences, and networking events.

6. Mentorship offered by the company for future roles within the company and all other terms and conditions to be discussed with Raytheon in the Terms & Agreement of the Contract should Raytheon agree to proceed.

7. Any and All Attorney fees paid directly by Raytheon; plus any other terms and conditions the court finds to be just and proper

_[signature]_ certify that the statements made herein are true and to the best of my knowledge.

Very Respectfully,
_[signature]_
Cenetra Johnson



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Boston Area Office
15 New Dudbury St, Room 475
Boston, MA 02203
(617) 865-3670
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 07/28/2022

To: Ms. Cenetra Johnson
475 Beacon St. Apt 2R
Boston, MA  02115

Charge No: 523-2021-02005

EEOC Representative and email:    FENG AN
Director, Boston Area Office
feng.an@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 523-2021-02005.

On behalf of the Commission,

Digitally Signed By: Judy Keenan
07/28/2022
Judy Keenan
District Director

Enclosure with EEOC Notice of Closure and Rights (01/22)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

**IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT**

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice.** Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

**ATTORNEY REPRESENTATION**

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

**HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS**

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 523-2021-02005 to the District Director at Judy Keenan, 33 Whitehall St 5th Floor

New York, NY 10004.

You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

Enclosure with EEOC Notice of Closure and Rights (01/22)

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to: https://www.eeoc.gov/eeoc/foia/index.cfm.

Cc:
Rachel Burke
OGLETREE DEAKINS
127 Public Sq, Suite 4100
Cleveland, OH 44114

Katie Bayt
OGLETREE DEAKINS
111 Monument Cir, Suite 4600
Indianapolis, IN 46204

Amy Bennett
OGLETREE DEAKINS
111 Monument Cir, Suite 4600
Indianapolis, IN 46204

Please retain this notice for your records.